[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Pursuant to an Order entered on February 12, 1992, the Superior Court, the Honorable Robert D. Krause presiding, approved the application of Maurice C. Paradis, then Director of the Department of Business Regulation, as Receiver of Heritage Loan and Investment Company ("Receiver") to have the Court appoint a master with respect to claims relating to "off-line" deposit accounts at Heritage Loan and Investment Company ("Heritage"). See the Order dated February 12, 1992. As a result of said Order, William J. McAtee, Administrator/Master of the Superior Court was appointed as Master in the above-captioned receivership.
The Order provided that the Master:
 "is appointed . . . for the purpose of hearing and determining the claims filed with the receiver relating to `off-line' deposit accounts, which claims shall be deemed to include claims to funds evidenced by handwritten or typewritten savings passbooks, claims to funds alleged to have been withdrawn without the depositor's authority to do so, claims to funds evidenced by safekeeping receipts, and claims to any funds which are not verifiable on the computer records maintained by Heritage Loan and Investment Company;"
 "That Master McAtee shall have all of the powers of a Justice of the Superior Court with respect to the hearings and determination of `off-line' deposit account claims, including, without limitation, those powers enumerated in Rhode Island General Laws § 8-2-11.1 (1985 Reenactment)."
R.I.G.L. 8-2-11.1 provides, in pertinent part, that:
 "Such administrator/master may be authorized: (1) To regulate all proceedings before him; (2) To do all acts and take all measures necessary or proper for the efficient performance of his duties; (3) To require the production before him of books, papers, vouchers, documents and writings; (4) To rule on the admissibility of evidence; (5) To issue subpoenas for the appearance of witnesses, to put witnesses on oath, to examine them and to call parties to the proceeding and examine them upon oath;"
In accordance with the above, a hearing was held on the above referenced claim on June 24, 1992. At the conclusion of the hearing, the parties submitted Post-Hearing Memoranda.
The fact that Claimant Frank DelBonis was a depositor at Heritage is not in dispute. All agree that Claimant was the owner of Savings Account No. 02-28-007075-6. This account was "on-line" and reflected in the records maintained by Heritage. In fact, in December 1990, Claimant was allowed to withdraw $20,237.30 from said account.
What is in dispute is a single deposit which Claimant maintains was made to Joseph Mollicone on October 29, 1990 at Heritage. Claimant has testified that on that date he went to Heritage to deposit $5,000. Once at Heritage, the Claimant met Mr. Mollicone in the office at the bank, he gave the money and passbook to Mr. Mollicone who then left the office and returned within a few minutes with the passbook that recorded the deposit on that date.
The Receiver claims that the records of Heritage show no deposit in that account on that day. Furthermore, the Receiver points out that the passbook entry for October 29, 1990 was, unlike the other entries, not computer generated but rather typewritten. However, the Receiver acknowledges that the typewritten entries made on the date in question were made by a typewriter identified as a SWINTEC 1146 CM, the same model used at Heritage.
After careful review of the evidence submitted as well as consideration of the testimony, the Court finds the testimony of the Claimant convincing. This Court finds that on October 29, 1990, Claimant deposited $5,000 in Heritage and is therefore entitled to that amount plus interest. Counsel will prepare an order in accordance with this decision.